IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FRANCISCO EMILIO VEGA, ##16460-097                                    PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:15-cv-25-KS-MTP

ATTORNEY GENERAL of U.S.A.
and BARBARA WAGNER, Warden                                            RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Francisco Emilio Vega, an inmate at the Adams County Correctional Institute, Natchez, Mississippi, files this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Court entered an order [4] on March 25, 2015, directing Petitioner to file a written response on the form provided and name the proper respondent. Petitioner on April 1, 2015, filed his amended petition [5]. Petitioner names as the proper Respondent Barbara Wagner. *See* Am. Pet. [5] at 1.

**I.      Background**

Petitioner's current incarceration is based on a conviction rendered by the United States District Court for the Eastern District of California. Am. Pet. [5] at 1. Petitioner was sentenced to serve 120 months. *Id*. at 2. Petitioner states in his Amended Petition [5] that he has a Motion filed pursuant to 28 U.S.C. § 2255 currently pending before the United States District Court for the Eastern District of California which was filed on January 27, 2015, in *United States v. Vega*, No. 2:06-cr-236-TLN-KJN. *Id*. at 4.

Petitioner argues that he "is actually innocent of the sentencing enhancement that was imposed on him for his conviction at 21 U.S.C. §§ 846 and 841(a)(1)." Pet. [1] at 2; Am. Pet. [5-1] at 2. Additionally, he states "[a]s a matter of retroactive statutory construction in *Burrage*, he was never charged with the identity of the controlled substance in 21 U.S.C. §§ 841(b) -- as an

element of §§ 846 and 841(a)(1) -- by a grand jury; nor did he ever waive any right to a petit jury finding it beyond a reasonable doubt." *Id*. According to Petitioner's attachment to his Amended Petition [5], he has raised this same ground for relief in his pending Motion to Vacate in the sentencing court.[1] *See* Am. Pet. [5-1] at 3-5.

## II. Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). On the other hand, Section 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for attacking errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). As noted by the United States Court of Appeals for the Fifth Circuit, "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Pack*, 218 F.3d at 452 (brackets in original) (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Petitioner's claims do not challenge the execution of his sentence but instead attack the validity of his sentence. As such, his claims are not properly asserted under § 2241, and "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452 (citing *Ojo v.*

---

[1]A review of the court record of *United States v. Vega*, No. 2:06-cr-236-TLN-KJN (E.D. Cal. Apr. 8, 2010), *via* PACER, confirms that Petitioner's Motion to Vacate [139], which is presently pending before that Court, presents the same claim for relief as presented in the instant § 2241 habeas petition.

2

*Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir.1997)). There is, however, an exception to this general rule. A prisoner can resort to § 2241 if he satisfies his burden of establishing the so-called savings clause of § 2255, which "provides a means to petition the courts for issuance of the 'Great Writ' when § 2255 is inadequate or unavailable." *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 346 (5th Cir. 2002). The inmate bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Because Petitioner has a pending Motion filed pursuant to 28 U.S.C. § 2255 before the sentencing Court in *United States v. Vega*, No. 2:06-cr-236-TLN-KJN, this Court finds that Petitioner has not established the inadequacy or ineffectiveness of such a motion. Petitioner therefore does not meet the savings clause of § 2255 and this Court does not have jurisdiction to address the issues presented by Petitioner. Under the circumstances of the instant civil action, this Petition will be dismissed.

## III. Conclusion

Based on the foregoing, since this Petition challenges the validity of Petitioner's sentence and his claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241. Accordingly, this Petition for habeas relief shall be dismissed as frivolous. *See Ojo,* 106 F.3d at 683 (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous"). Further, to the extent the Petition can be construed as a § 2255 motion, it is dismissed for lack of jurisdiction. 28 U.S.C. § 2255(a).

A final judgment in accordance with this Memorandum Opinion and Order shall be

issued.

SO ORDERED, this the 30th day of April, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE